■ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v LUZ COLLADO, Appellant, and PROGRESSIVE INSURANCE COMPANY et al., Respondents. [636 NYS2d 641] —In a proceeding to stay arbitration, Luz Collado appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated September 19, 1994, as amended October 14, 1994, which denied her motion (1) to vacate a Referee's determination dated June 10, 1994, which found that arbitration of her uninsured motorist claim should be permanently stayed because the offending vehicle was insured by Progressive Insurance Company at the time of the accident, and (2) for a hearing on whether the disclaimer of Progressive Insurance Company is effective against her.

Ordered that the order, as amended, is reversed, with one bill of costs to the appellant payable by Eagle Insurance Company and Progressive Insurance Company, the appellant's motion is granted, the Referee's determination that arbitration should be permanently stayed is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a determination of whether the disclaimer by Progressive Insurance Company is effective against the appellant.

The question of whether the disclaimer issued by Progressive Insurance Company, the carrier for the offending vehicle, is effective against the appellant, is a proper issue for consideration in this proceeding to stay arbitration of the appellant's uninsured motorist claim (*see, e.g., Matter of Allstate Ins. Co. v Henry*, 214 AD2d 668). That issue was timely raised by the appellant in her opposition to the petitioner's application to stay arbitration and the appellant did not waive consideration of that issue. A determination of that issue must be made before it can be ascertained whether arbitration of the appellant's uninsured motorist claim should be permanently stayed.

Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a determination of that issue. Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.